917 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis GROSS, Defendant-Appellant.
 No. 89-5456.
 United States Court of Appeals, Fourth Circuit.
 Argued July 19, 1990.
Decided Oct. 29, 1990.
As Amended Nov. 6, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-117-A)
 Gerald Franklin Weigle, Fairfax, Va., for appellant.
 Bernard James Apperson, III, Assistant United States Attorney, Alexandria, Va. (Argued), for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Dennis Gross was convicted in the United States District Court for the Eastern District of Virginia on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and two counts of distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. He asserts the following points of error: (1) the trial court incorrectly allowed the jury access to an incriminating videotape; (2) there was insufficient evidence for the jury to conclude he possessed the intent required for a charge of conspiracy; (3) the trial court incorrectly applied the federal sentencing guidelines; (4) he was denied effective assistance of counsel. Finding no merit in any of these assertions, we affirm the judgments of conviction.
 
 I.
 
 2
 On March 13, 1989, undercover agent Tyrone Morrow of the Fairfax County Police Department traveled to meet Harry Hughes, from whom he had arranged to purchase a substantial amount of "crack" cocaine. Hughes and appellant Gross met Morrow at Hughes' residence and the three drove to a location in Alexandria to obtain the cocaine. During the drive, Gross described to Morrow how he and Hughes were involved in distributing drugs throughout northern Virginia and the District of Columbia. When they arrived at the pick-up site, Hughes exited the vehicle and entered the house while Gross and Morrow continued their conversation in the car. Other police agents videotaped the car and recorded their conversation during this time.
 
 
 3
 Hughes returned to the car after ten to fifteen minutes, saying that the cocaine was not yet ready. After driving for a few minutes, the three returned to the house and Hughes obtained the cocaine. Before selling the package of cocaine to Morrow, Hughes handed it to Gross, who opened it, showed it to Morrow and commented on the high quality of the drug. Gross then directed Morrow to a busy restaurant where passersby would not notice the activity in the car. Gross stated that he would watch from the front for observers and ordered Hughes to watch the back of the car. After Morrow paid Hughes for the drugs and Gross handed them to Morrow, police arrested the group.
 
 II.
 
 4
 Gross raises various objections with respect to the introduction into evidence of the videotape of his conversation in the car with agent Morrow. At trial, however, Gross' only objection to admission of the videotape into evidence was that a proper foundation had not been laid.
 
 
 5
 The proper foundation for admitting the videotape into evidence was laid at trial. Agent Morrow testified that he had reviewed the videotape and that it fairly and accurately depicted the events he had described. This is an adequate foundation for a videotape under Federal Rule of Evidence 901(a). Louis Vuitton S.A. v. Spencer Handbags Corp., 765 F.2d 966, 973-74 (2d Cir.1985). Furthermore, no rule of evidence or procedure requires that all exhibits be published to the jury, and the record reveals no request by Gross to show the videotape in open court. Finally, there is no evidence in the record that Gross was denied an opportunity to review the tape, and no evidence that Gross even requested that opportunity. We find no error in the court's treatment of the exhibit.
 
 III.
 
 6
 Gross also claims that the evidence produced at trial to prove his intent to take part in the conspiracy to distribute drugs was not sufficient to sustain the jury's verdict on that count. It is true, as Gross argues, that mere presence at the scene of an unlawful transaction is inadequate to prove intent. See United States v. Fitzharris, 633 F.2d 416, 423 (5th Cir.1980). Cf. United States v. Spoone, 741 F.2d 680, 686 (4th Cir.1984) (mere presence at the scene of a crime is not enough to establish aiding and abetting). However, the evidence showed far more than mere association and presence. Gross was actively involved in the entire transaction. He directed Morrow to drive to the restaurant where the sale occurred, he kept lookout from the front of the car while instructing Hughes to keep watch from the back, and he opened the package of cocaine to show it to Morrow and eulogized its quality. These are not the acts of a mere bystander. To support a guilty verdict, "the government need only show the existence of the conspiracy, the defendant's knowledge of the conspiracy's purpose, and some action indicating his participation." Spoone, 741 F.2d at 688. The government plainly made such a showing here. We therefore affirm the jury's verdict on the conspiracy count.
 
 IV.
 
 7
 Gross advances two remaining arguments. First, he maintains that the district court improperly applied the federal sentencing Guidelines by designating him a career offender. Gross' contention is based on the application notes for Sec. 4A1.2 of the Sentencing Guidelines, which state that a defendant must serve a period of imprisonment on a sentence before it qualifies as a "sentence of imprisonment." He asserts that since he had not yet been imprisoned for his 1988 conviction for distribution of cocaine, the conviction could not count towards determining his career offender status under Sec. 4B1.1. Gross' argument confuses the difference between the term of art, "sentence of imprisonment," in Secs. 4A1.1 and 4A1.2 of the United States Sentencing Commission Guidelines, and the meaning of "conviction" in Sec. 4B1.1. Gross does not assert that he lacked two prior felony convictions as required by Sec. 4B1.1, but only that he had not yet served any part of his sentence for the most recent conviction. Because felony convictions count towards career offender status "regardless of the actual sentence imposed," U.S.S.G. Sec. 4B1.2, comment. (n. 3), we find his contention to be without merit.
 
 
 8
 Second, he asserts that he was denied effective assistance of counsel in violation of the sixth amendment. The proper method for advancing this claim is to proceed under 28 U.S.C. Sec. 2255, which will allow development of an adequate record to resolve the issue. We decline to address his claim at this time. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981).
 
 V.
 
 9
 For the above reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.